# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-324-FDW
# (3:04-cr-104-FDW-3)

| | |
|---|---|
| JONATHAN MASON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On November 10, 2005, Petitioner was convicted following his entry of a guilty plea to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841. Petitioner was sentenced to an active term of 120 months' imprisonment. (3:04-cr-104, Doc. No. 104: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

In the Eastern District of North Carolina, on or about December 7, 2011, Petitioner filed a motion under Section 2241 contending that his prior offenses, which were noticed by the Government pursuant 21 U.S.C. § 851, no longer qualify as predicate offenses for the purpose of sentencing enhancement. (3:12-cv-324, Doc. No. 1 at 3). The Court notified Petitioner that his effort to challenge his sentence must proceed under Section 2255 because he did not contend that

1

he was actually innocent of his conviction, rather he only challenged the propriety of his sentence based on prior state drug convictions. Petitioner did not object to this finding and the Court thereafter concluded that Petitioner's sentence would be examined under Section 2255. As Petitioner was sentenced in the Western District, the district court properly transferred the case for disposition in this district.

In his claim for relief, Petitioner contends that his prior state drug convictions no longer support his sentencing enhancement based on, among other cases, the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Petitioner did not file a direct appeal from his criminal judgment, therefore the judgment became final in 2005, or ten days after its entry on November 10, 2005.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The Fourth Circuit, in an opinion filed after Petitioner filed the present motion, held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and its en

3

banc opinion in Simmons were not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012)); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing Powell); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Based on the foregoing, the Court finds that Petitioner's Section 2255 motion, filed some 6-years after his criminal judgment became final, is untimely and it will be dismissed.

Moreover, Petitioner received a sentence, without consideration of prior drug convictions, that was within the maximum authorized by law. See 21 U.S.C. § 841(b) (authorizing a sentence of no less than 10-years and not more than life imprisonment). Because Petitioner was comfortably sentenced within this statutory maximum, he would not be entitled to relief in this Section 2255 proceeding. See § 2255(a) (providing that a defendant may attack his sentence if it exceeds the maximum authorized by law).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Appoint Counsel is **DISMISSED** as moot. (Doc. No. 10).

2.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 21, 2012

Frank D. Whitney
United States District Judge

Frank D. Whitney
United States District Judge