**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-324-FDW**
**(3:04-cr-104-FDW-CH-3)**

| | | |
|---|---|---|
| JONATHAN MASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals

for the Fourth Circuit.

**I.    BACKGROUND**

On June 29, 2004, Petitioner and others were named in a superseding indictment with

conspiring to possess with intent to distribute in excess of 5 grams of a mixture containing

cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (Count 1). In Count 2, Petitioner and

others were charged with possession with intent to distribute a quantity of cocaine base, and of

aiding and abetting others in its distribution in amount in excess of 5 grams or more of cocaine

base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Count 3 charged Petitioner and others

with using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. §§ 924(c) and 2. Count 5 charged Petitioner with possession of a firearm after having

been convicted of a felony, in violation of 18 U.S.C. § 922(g). (3:04-cr-104, Doc. No. 45:

Superseding Indictment).

On July 19, 2004, Petitioner, with assistance of counsel, entered into a written plea

agreement with the Government. Petitioner agreed to plead guilty to Count 1 and the Government agreed to dismiss Counts 2, 3 and 5. (Doc. No. 53: Plea Agreement). Petitioner stipulated that the amount of cocaine base that was known or reasonably foreseeable to him was in excess of 5 grams but less than 20 grams, and he acknowledged that he was aware that he faced a mandatory minimum sentence of 10 years and a maximum of life imprisonment upon conviction. The plea agreement further provided that Petitioner agreed to waive his right to collaterally attack his conviction or sentence except on claims of prosecutorial misconduct or ineffective assistance of counsel.

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. The PSR noted that the Government had a filed a notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851. (Doc. No. 5: Section 851 Notice). The Notice alleged that Petitioner had sustained two convictions in Mecklenburg County Superior Court for possession of cocaine in 1997 and 1998. The probation officer calculated Petitioner's Guideline range as 70 to 87 months' imprisonment however, the PSR noted that the previous drug conviction resulted in a mandatory minimum sentence of not less than ten years nor more than life. (Doc. No. 131: PSR ¶¶ 74-75). See 21 U.S.C. §§ 841(b)(1)(B) and 851. On November 10, 2005, Petitioner was sentenced to the mandatory minimum term of 120-months' imprisonment and he did not file a direct appeal. (Doc. No. 104: Judgment in a Criminal Case).

## II.     SECTION 2255 PROCEEDINGS

On December 6, 2011, Petitioner filed a pro se motion seeking to vacate his sentence based on the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010),

and the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).[1] Petitioner argued that based on these decisions—his prior North Carolina conviction for possession of cocaine—for which he could not have been sentenced to in excess of one year, was no longer considered a felony and therefore could not be used to subject to him a mandatory minimum term of imprisonment.

On December 21, 2012, this Court entered an order denying relief based on the fact that Petitioner's § 2255 motion appeared to be untimely because it was filed some six years after his criminal judgment had become final, and the opinions in <u>Carachuri</u> and <u>Simmons</u> were not retroactive to cases on collateral review. <u>See</u> (3:12-cv-324-FDW, Doc. No. 12: Order at 4 (citing, among other cases, <u>Powell v. United States</u>, 691 F.3d 554 (4th Cir. 2012); <u>United States v. Wheeler</u>, 487 F. App'x 103 (4th Cir. 2012) (unpublished) (finding that "Wheeler's claim for retroactive application of the Supreme Court's opinion in [<u>Carachuri</u>] and our opinion in [<u>Simmons</u>] fails in light of our recent opinion in [<u>Powell</u>]).

On February 19, 2013, Petitioner, by and through counsel, filed a motion to reconsider the Court's order denying relief. (Doc. No. 14). The Court granted the motion to reconsider after noting that this district had appointed the Federal Defenders of Western North Carolina to represent defendants convicted in this district to evaluate whether they might be entitled to relief under <u>United States v. Simmons</u>. <u>See</u> (3:12-mc-92: Order of Appointment, filed May 22, 2012). The Court noted that counsel had filed a notice of appearance prior to the Court's December 2012 dismissal but had not submitted any further argument in support of Petitioner's pro se § 2255 motion. However, the Court observed that the sheer number of cases to review may well

---

[1] Petitioner filed his motion under 28 U.S.C. § 2241 in the Eastern District. The motion was later re-characterized as a motion under § 2255 and the action was transferred to this Court on May 22, 2012, based on the fact that Petitioner was convicted and sentenced in this district. (3:12-cv-324, Doc. No. 8).

have delayed the filing of additional authority following the notice of appearance. (Doc. No. 16 at 2). The Court considered Petitioner's additional authority but nevertheless denied relief after noting that Fourth Circuit law, at least at the time, appeared to preclude relief. The Court declined to issue a certificate of appealability. (Doc. No. 16). Petitioner filed a notice of appeal to the Fourth Circuit and on October 31, 2013, the Fourth Circuit granted the joint motion to remand the matter to this Court that was filed by the parties to this action. The Fourth Circuit vacated this Court's judgment in the Section 2255 proceeding and remanded for reconsideration in light of <u>Miller v. United States</u>, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), in order to evaluate whether the Government's position concerning relief was warranted. <u>United States v. Mason</u>, No. 13-6793 (4th Cir. Oct. 31, 2013). (Doc. No. 21: Order of Remand).

The Fourth Circuit's mandate issued on October 31, and on November 4, 2013, this Court entered an Order for the Government to file a response in this civil action which noted their position regarding possible relief for Petitioner from his sentence. (Doc. No. 23). The Government has filed its response and this matter is now ready for reconsideration in light of the Fourth Circuit's Order on remand.

### III.      DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)      A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Petitioner did not file a direct appeal, his judgment became final November 2005. The Government, however, has specifically agreed to waive the one-year statute of limitations in this case and notes that the one-year time limitation is normally an affirmative defense which the Government must plead. (3:12-cv-324, Doc. No. 24 at 4-5). And, if the Government chooses to intentionally waive this defense then the district courts are not simply free to ignore such a decision. See Wood v. Milyard, 132 S. Ct. 1826, 1834-35 (2012) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004) (internal citation omitted).[2] Therefore, with this deliberate waiver made known, the Court will proceed to consider the merits of Petitioner's claim and the Government's response.

The Government contends that Petitioner is entitled to relief from his mandatory minimum sentence. While conceding that the law extant at the time of his sentencing required the mandatory minimum sentence at issue, the Government notes that the present legal landscape presents a far different picture. As noted, Petitioner's sentence was enhanced from his Guideline

---

[2] The Government also declines to enforce the post-conviction waiver Petitioner agreed to in his plea agreement which would have likely precluded the challenge to his sentence on the grounds now currently being urged. (3:12-cv-324, Doc. No. 24 at 7).

sentence of 70-87 months' imprisonment to an mandatory minimum of 10-years' imprisonment

based on a then-valid prior North Carolina drug conviction which Fourth Circuit precedent

deemed a felony as that term is defined in federal law. See 21 U.S.C. § 802(44) (providing that a

"felony drug offense" is "an offense that is punishable by imprisonment more than one year

under any law of the United States, or of a State . . ." The Government agrees that Petitioner's

prior state drug conviction is no longer a felony as that term is defined in federal law because,

under North Carolina law, he could not have received a sentence in excess of one year. Returning

to the mandate from the Fourth Circuit, the Court considers the holding in Miller and how it

might entitle Petitioner to relief on remand.

In Miller, the Fourth Circuit considered a claim of actual innocence in a case where the

petitioner had been convicted of being a felon-in-possession of a firearm, in violation of 18

U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the § 922(g) offense

after finding that he had been convicted of a crime that was punishable by more than one year

imprisonment. The record before the district court demonstrated that Miller had previous

convictions under North Carolina law for felony possession of cocaine, and the felony of

threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for

each conviction. The Court found that under North Carolina's Structured Sentence Act (SSA),

the maximum sentence Miller actually faced for either conviction was eight months based on his

prior criminal record. Miller, 2013 WL 4441547, at *1 (citing N.C. Gen. Stat. § 15A-1340.17(c),

(d)). Miller was sentenced in the district court on October 22, 2008, and he did not file a notice

of appeal. Therefore, his conviction became final for purposes of § 2255(f) in November 2008.

On or about October 23, 2012, Miller filed a § 2255 motion in this district contending he

was entitled to relief under <u>Simmons</u>. The district court denied relief after finding that the § 2255 motion was untimely and current Fourth Circuit law foreclosed the retroactive application of the <u>Simmons</u> decision. However, the district court issued a certificate of appealability on the issue of retroactivity. (3:12-cv-701-RJC, Doc. No. 5).

On appeal, the <u>Miller</u> Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-valid precedent. <u>Id.</u> at *2 (citing <u>Harp v. United States</u>, 406 F.3d 242, 246 (4th Cir. 2005)). However, the Court explained that the intervening decision in <u>Simmons</u> had expressly overruled <u>Harp</u> by holding that whether a prior conviction actually serves as a felony, and exposes a defendant to in excess of one year imprisonment, can only be determined by examining the individual defendant before the sentencing court, and not a hypothetical defendant with the worst possible criminal record. <u>Id.</u> at *2-3 ("In <u>Simmons</u>, this Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory [SSA], was not 'punishable' by more than one year in prison and is not a felony offense for purpose of federal law.") (citing <u>Simmons</u>, 649 F.3d at 243).

The Court found that Miller, who had not been convicted of an offense for which he personally could have been sentenced to in excess of one year, did not appear to have the predicate conviction to support his § 922(g) conviction. The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in <u>Simmons</u>. The Court found that "<u>Simmons</u> did announce a substantive rule when it applied <u>Carachuri's</u> principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." <u>Miller</u>, 2013 WL 4441547, at *5. The Court then concluded that the substantive rule announced

in <u>Simmons</u> is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded with the instruction that the district court grant his § 2255 motion to vacate his conviction.

In considering the present case, the Court again observes that Petitioner's PSR calculated a Guideline range of 70-87 months' imprisonment and he was sentenced on November 10, 2005, and has been incarcerated since that time. Thus, it appears that if Petitioner is entitled to relief based on <u>Simmons</u> then he should be entitled to immediate release because his mandatory minimum sentence would be vacated and assuming the application of his Guideline sentence, Petitioner would have yet served his full guideline sentence.

The Government contends that Petitioner is entitled to relief from his mandatory minimum sentence and to be resentenced for his conviction on Count 1. Petitioner argues that his Section 2255 motion should be granted based on the authority cited above and his sentence should be vacated and he should be sentenced to time serve. This would, of course, entitle Petitioner to be released from the custody of the Bureau of Prisons.

The Court finds that Petitioner has served active time that is in excess of the time he would have served even at the outward reach of the 87-month guideline range, and there is no evidence to suggest that this Court would have sentenced Petitioner to an above-the-guidelines sentence. Based on the foregoing, the Court finds that Petitioner's motion to vacate his mandatory minimum sentence should be granted, and he should be released from the Bureau of Prisons with time served plus ten days.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      On remand from the Fourth Circuit for reconsideration of Petitioner's Section 2255 motion to vacate his sentence, the Court finds that the motion to vacate his mandatory minimum sentence should be **GRANTED**.

2.      Petitioner's mandatory minimum sentence is **VACATED** and he is ordered released from the custody of the Federal Bureau of Prisons for time already served plus ten (10) additional days.

3.      The Federal Bureau of Prisons shall have ten (10) days from entry of this Order to affect Petitioner's release from custody.

4.      All other aspects of Petitioner's criminal judgment shall remain in full force and effect, and the Clerk shall serve a copy of the Judgment on Petitioner. (3:04-cr-104, Doc. No. 104: Judgment in a Criminal Case).

The Clerk of Court is directed to certify copies of this Order to the U.S. Attorney, to Petitioner, Petitioner's counsel, the U.S. Marshals Service, the U.S. Probation Office, and the Federal Bureau of Prisons.

        **IT IS SO ORDERED.**

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge